EARL S. CLARK *vs.* SUMMERFIELD COMPANY.

NOVEMBER 24, 1920.

PRESENT: Sweetland, C. J., Vincent, and Rathbun, JJ.

*(1)   Accord and Satisfaction.*

In an action where defendant claimed an accord and satisfaction, through the sending of a check marked "in full for all indebtedness" which plaintiff accepted and cashed after erasing the restrictive words, plaintiff was entitled to present the question for determination whether the settlement between the parties was effected not alone by the payment of such sum but also in part by a new contract whereby plaintiff was to render certain further services to defendant calling for further remuneration, and it was error to hold that there being evidence of a *bona fide* dispute as to the amount of plaintiff's bill, acceptance of the check was an accord and satisfaction.

ASSUMPSIT.   Heard on exception of plaintiff and sustained.

VINCENT, J.   This is an action of assumpsit for breach of contract. The case was first tried in the Superior Court in

October, 1916. At that trial the plaintiff was the only witness examined and at the close of his testimony a nonsuit was granted on motion of the defendant. The plaintiff then brought his bill of exceptions to this court. The exceptions were sustained and the case was remitted to the Superior Court for a new trial. The opinion of this court is to be found in 40 R. I. 254. Another trial was had in the Superior Court in January, 1920, before a justice thereof, jury trial having been waived, and the plaintiff was nonsuited upon one count of his declaration and decision was given for the defendant. The case is now before us for the second time upon the plaintiff's· exceptions to the ruling of the trial court in granting a nonsuit as to the plaintiff's additional count and the admission of certain evidence offered by the defendant.

The facts are so fully set forth in our former opinion that their repetition here seems unnecessary. The first nonsuit was granted "on the ground that the giving of the check of January 11, 1915, for $354.03, with the· words thereon, 'In full for all indebtedness,' and its acceptance and use by the plaintiff operated as an accord and satisfaction to extinguish all claims of the plaintiff against the defendant, because it was a settlement of a disputed claim."

We held this to be error for the reason that the evidence disclosed no dispute as to the terms of the contract or as to the performance of the work charged for or that the bill rendered was not a correct statement of the sum due according to the terms of the contract, and that some real ground of dispute was essential in order for a payment to work as an accord and satisfaction.

We also held that the plaintiff had raised another question which should have been considered in deciding the motion for a nonsuit to which the Superior Court in its ruling did not refer. The plaintiff claimed that if the testimony showed that the defendant's liability under the original contract had been extinguished, not by an accord and satisfaction, but by partial payment and novation, that is,

in consideration of the payment of $354.03 and the making of a new contract for additional and future employment, he was entitled to go to the jury upon the new contract set up in the additional count of his declaration.

At the last trial, which was without a jury, witnesses on both sides were examined and the trial court found that there was evidence of a *bona fide* dispute as to the amount of the bill, the defendant claiming that there was much more time charged for than was required to do the work and reach the desired result. The trial court then found that, after some talk between the plaintiff and Mr. Summerfield representing the defendant, it was agreed that the plaintiff should waive one-half of his bill against the defendant; that on January 11, 1915, the defendant paid the amount agreed upon as the balance by a check upon which was written the words, "in full for all indebtedness" which words the plaintiff erased and cashed the check; and that the defendant having paid the amount agreed as the balance due upon a disputed claim and the plaintiff having accepted such payment the defendant was entitled to a decision in its favor.

(1) The trial court in thus disposing of the case appears to have omitted from its consideration the claim of the plaintiff that a settlement was effected, not alone by the payment of $354.03 in cash, but also in part by a new contract whereby the plaintiff was to render certain further services to the defendant calling for further remuneration.

We think that the plaintiff would be entitled to present this question to a jury. There is testimony on the part of the plaintiff that a settlement was made in which the payment of a cash balance and a new contract for additional services were mingled. The plaintiff testifies that such was the basis of the settlement and there is some documentary evidence to support that contention. The deduction from the plaintiff's bill of $708.06, being one-half of the amount originally charged, is described, in statements rendered to the defendant, as a "special allowance" and on a bill sent

to the defendant under date of January 1, 1915, there appears under the heading "special allowance" the following annotation: "Special understanding made with Messrs. Summerfield & Levy that we would be retained to audit the balance of the year 1914 and to install suggested changes to the system in consideration of a reduction of 50% of the original bill ($708.06) the balance of $354.03 to be paid on or before January 14, 1915. The balance $1,062.09 to be considered due and payable in total, if the above understanding is not carried out by the Summerfield Co."

Following this, on January 11, 1915, the defendant paid $354.03 thus making the total amount of the payments made by it $708.06 or one-half of the plaintiff's original bill. In making this payment of $354.03 the defendant makes no comment upon or reference to the above quoted statement of the plaintiff of January 1, 1915, setting forth the terms of the settlement which the plaintiff alleges had been previously agreed upon.

There is testimony to the effect that the plaintiff offered to perform his part of the alleged new contract but was not permitted to do so by the defendant. If the jury should find that there was a new contract substantially in accordance with the annotation upon the plaintiff's bill of January 1, 1915, it would naturally follow that the amount of damages recoverable by the plaintiff would be $708.06 the balance of his original bill.

Inasmuch as it would have been competent for a jury if they believed the plaintiff's testimony, to find that there was a new contract which formed a part of the consideration for the settlement of the original contract, we think that the questions raised by the additional count should have been considered.

The plaintiff's exception to the ruling of the trial judge granting the defendant's motion that the plaintiff be non-suited as to the additional count is sustained and the case is remitted to the Superior Court for a new trial.

*Gardner, Moss & Haslam,* for plaintiff.
*Tillinghast & Lynch,* for defendant.